# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| MARY DENISE BURTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00210-N |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff MARY DENISE BURTON (hereinafter, "the Plaintiff") has filed and served a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and Federal Rule of Civil Procedure 54(d)(2) (Docs. 29, 30), requesting an award of $5,463.01 in attorney's fees and other expenses from the Defendant Commissioner of Social Security. The Commissioner has filed no response to the motion despite being given the opportunity, the deadline to do so has passed, and the motion is now under submission. *See* (Doc. 31); S.D. Ala. CivLR 7(c). Upon consideration, the Court finds the Plaintiff's motion for attorney's fees under EAJA (Docs. 29, 30) is due to be **GRANTED in part** and **DENIED in part**.[1]

### I. *Analysis*

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in any

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 17, 18).

civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' " *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

### a. Timeliness

"The Equal Access to Justice Act ('EAJA'") provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses...." 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Newsome*, 8 F.3d at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run,

so that the judgment is no longer appealable.'" *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

Because a United States officer sued in an official capacity is a party to this action, the time to appeal that judgment expired after 60 days from May 10, 2017, the date the Court entered its "sentence four" remand order and judgment (Docs. 27, 28). *See* Fed. R. App. P. 4(a)(1)(B). Because the 60th day after that date fell on July 9, 2017, a Sunday, the judgment became no longer appealable after Monday, July 10, 2017. *See* Fed. R. App. P. 26(a)(1)(C). Because the Plaintiff filed his motion within 30 days of that date, on August 7, 2017, the motion is timely.[2]

### b. Prevailing Party

With certain inapplicable exceptions, an individual qualifies as a "party" under EAJA if the individual's "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). The Plaintiff has submitted a 28 U.S.C. § 1746

---

[2] Past Eleventh Circuit precedent treated the timely filing requirement for an EAJA motion as jurisdictional in nature. *See, e.g.*, *Newsome*, 8 F.3d at 777. This precedent, however, appears to have been abrogated by the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) ("§ 2412(d)(1)(B) does not describe what classes of cases the C[ourt of Appeals for Veterans Claims] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly,…the provision's 30–day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.' " (citation and some quotation marks omitted)). *Cf. Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581–82 (6th Cir. 2005) ("[O]ur past precedent characterized the EAJA's time limitation for fee applications as jurisdictional…This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004), where the Supreme Court held that the EAJA's '30–day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional." ' *Id.* at 1865."). Because the Plaintiff's EAJA motion was timely filed, however, the Court need not decide the issue.

declaration averring that "[a]t the time that this action was begun, [her] net worth was less than $2,000,000.00" (Doc. 30-5 at 2), and the Commissioner does not dispute this assertion. Accordingly, the Plaintiff qualifies as a "party" for purposes of the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

Because the Plaintiff received a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g), she is thus a "prevailing" party under EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Newsome*, 8 F.3d at 777 ("Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions."); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

### c.  **Substantially Justified Position or Special Circumstances**

An EAJA applicant is only required to allege that the Government's position was "not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). "The burden of establishing that the position of the United States was substantially justified…must be shouldered by the Government." *Id.* at 414. "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted).

The Plaintiff has alleged "the Commissioner was not substantially justified."

(Doc. 30-6 at 2). The Commissioner has not attempted to rebut that allegation, and there are no special circumstances apparent from the record which countenance against the awarding of fees. Thus, the Court finds that the Plaintiff is entitled to an award of fees under EAJA.

### d. Amount of Fees

The EAJA further provides:

> The amount of fees awarded ... shall be based upon prevailing market rates, for the kind and quality of services furnished except that ...
>
> (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the *cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.*

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).

> In *Meyer v. Sullivan,* 958 F.2d 1029, 1033 (11th Cir. 1992), [this Circuit] recognized a two-step process for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. First, the district court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (citation omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Id.* at 1033-34.

*Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (per curiam) (unpublished).

The Plaintiff requests a total EAJA award of $5,463.01, which is based upon 24.2 hours of federal court work performed by Plaintiff's counsel at a rate of $191.86 per hour, and 8.2 hours of federal court work performed by Plaintiff's counsel's paralegals at

a rate of $100.00 per hour.[3] (Doc. 24 at 1 (footnote omitted)). After reviewing the itemized timesheets of Plaintiff's counsel and his paralegals (Docs. 30-2, 30-3, 30-4), the Court finds the number of hours billed by both counsel and paralegals to be reasonable.

The Court further finds that counsel's requested attorney rate of $191.85 is an appropriate market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.[4] Though counsel's rate exceeds $125, this upward adjustment is justified under the formula from this Court's decision in *Lucy v. Astrue*, which is often used to account for increases in the cost of living for EAJA applications.

> The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. *Lucy v. Astrue,* CV 06–147–C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In *Lucy,* the following formula, based on the CPI, was utilized:
>
> > ($125/hour) x (CPI–U[5] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> *Id.* at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate

---

[3] "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 590 (2008).

[4] "The court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation omitted).

[5] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (https://www.bls.gov/cpi/tables.htm (last visited Sept. 14, 2017)).

or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The Complaint in this action was filed on May 12, 2016, and the Court's sentence-four remand order and judgment were entered on May 10, 2017. The number of days between those two dates (i.e. excluding the start and end dates) is 362, and the "temporal midpoint" between those two dates falls in November 2016. The relevant CPI–U for November 2016 was 234.029. Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 234.029) / 152.4. This calculation yields an hourly rate adjusted for "cost of living" increases of $191.95. The Plaintiff's counsel has billed at a slightly lower rate of $191.86, and the Court finds this to be an appropriate hourly rate under EAJA to take into account increases in cost of living.

However, the timesheet showing the work performed solely by attorneys (Doc. 30-3) indicates that Howard Olinsky, Esq., the Plaintiff's only counsel of record in this action, performed only 2.4 hours of billed time, while the remainder was performed by other attorneys – Paul Eaglin, Marisa Burkett, and Alyssa Van Auken – who have not appeared in this action. None of those three attorneys has been admitted to the Bar of this Court, *see* S.D. Ala. GenLR 83.3(a)-(b), nor have they ever moved for *pro hac vice* admission under S.D. Ala. GenLR 83.3(d), as Olinsky did (*see* Docs. 4, 5). Generally, "unless appearing *pro se*,…all parties to proceedings in this Court must appear by an

attorney **admitted to practice in this Court**." S.D. Ala. GenLR 83.2 (emphasis added).

The Eleventh Circuit recently affirmed a decision of the District Court for the Southern District of Florida to reduce Olinsky's and Eaglin's EAJA fees by compensating them at paralegal rates, rather than attorney rates, when they had not been admitted to practice in that court under local rules similar to those of this Court. *See Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858 (11th Cir. Feb. 23, 2017) (per curiam) (unpublished) (citing *Priestley v. Astrue*, 651 F.3d 410 (4th Cir. 2011)). Exercising discretion, the undersigned will do the same for the non-admitted attorneys who performed 21.8 hours of work in the present case. The Plaintiff has requested a paralegal billing rate of $100 per hour. However, the Plaintiff has submitted no evidence to support the reasonableness of this billing rate, and "[i]n this district, paralegal work is consistently charged at a rate of $75/hour." *Brown v. Boeing Co.*, Civil Action No. 12-0414-CG-C, 2012 WL 6045924, at *4 (S.D. Ala. Dec. 4, 2012) (Granade, J.) (citing cases).

Thus, the Court will award the Plaintiff $615 for the 8.2 hours of work performed by the paralegals, $1,635 for the 21.8 hours of work performed by the non-admitted attorneys, and $460.46 for the 2.4 hours of work performed by admitted attorney Olinsky, for a total EAJA award of $2,710.46.[6]

---

[6] The Plaintiff's motion requests the Court also order that, "[i]f the Plaintiff has no debt registered with the Department of Treasury subject to offset that the fees be made payable to the attorney" (Doc. 30 at 4), as the Plaintiff has "agree[d] to waive direct payment of the EAJA fees and assign said fees to be paid directly to [her] attorney." (Doc. 30-5 at 2). EAJA fees are awarded to litigants, rather than to their attorneys,

## II. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Plaintiff's unopposed motion for attorney's fees (Docs. 29, 30) is **GRANTED in part** and **DENIED in part**, such that Plaintiff MARY DENISE BURTON is awarded from the Defendant Commissioner of Social Security **$2,710.46** in fees and other expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.[7]

**DONE** and **ORDERED** this the 26th day of September 2017.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

which "thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). The Plaintiff's "assignment of h[er] right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to h[er] as the prevailing party, and the fees belong to h[er]." *Brown v. Astrue*, 271 F. App'x 741, 743-44 (10th Cir. 2008) (unpublished). Moreover, "the private contractual arrangement between [the Plaintiff] and h[er] counsel [i]s a collateral matter the district court d[oes] not need to address when considering [an] EAJA fees motion." *Id.* at 744. *See also Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988) ("Historically, the client and the lawyer make their fee arrangement, and the lawyer looks to the client for payment of the legal fee…In enacting the EAJA, Congress recognized and maintained the attorney-client relationship as it has existed throughout our history."); *Oguachuba v. I.N.S.*, 706 F.2d 93, 97 (2d Cir. 1983) ("Whether an award of attorneys' fees under [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client."). Accordingly, the Court declines to order than any portion of the fee awarded herein be paid directly to the Plaintiff's counsel.

[7] Unless a party requests one by motion, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).